**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Clyde HICKS, Defendant-Appellant.**

**No. 27368.**

United States Court of Appeals Fifth Circuit.

Jan. 8, 1970.

Rehearing Denied Feb. 12, 1970.

witness by reading to the witness, in open court, substantially the entire statement that the witness had previously given to a secret service agent.

Appellant Hicks was jointly indicted with one James McGuire and another defendant named Roy Burchfield. They were indicted on substantive counts of passing counterfeit money and of a conspiracy to do so. Burchfield pleaded guilty and appellant Hicks and James McGuire were tried jointly, being represented by different appointed counsel.

The record contains ample evidence to warrant the conviction of the appellant on the conspiracy and substantive counts of which the jury found him guilty, and also sufficient evidence to warrant the conviction of McGuire on the conspiracy count, which was the sole count on which the jury found a verdict of guilty against him. McGuire does not appeal.

The problem presented by the appellant here arises from the occurrence that is not infrequent, where one defendant enters a plea of guilty and then becomes the star witness for the prosecution. Such witnesses sometimes fail to come up to the government's expectations when they actually take the witness stand. The temptation is then, of course, very great for the prosecutor to attempt to get before the jury any written inculpatory statement previously made by the witness, so that the jury can then really use the inculpatory statement made by him as substantive evidence to prove the guilt of the accused.

 Of course, such an extra judicial statement is not admissible as substantive evidence, because it clearly falls afoul the hearsay rule. This court has repeatedly so held. In Young v. United States, 5 Cir., 1938, 97 F.2d 200, 117. A.L.R. 316, this court said:

"The rule in its original and strict form against impeaching one's own witness is discredited everywhere, and it is generally recognized that impeachment may be resorted to where a witness has surprised the party of-

C. Lawrence Stagg, Tampa, Fla. (court-appointed) for defendant-appellant.

Edward F. Boardman, U. S. Atty., Thomas G. Wilson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before TUTTLE, WISDOM and BELL, Circuit Judges.

TUTTLE, Circuit Judge:

The principal issue presented by this appeal is whether the trial court erred in permitting the United States prosecutor to "impeach" the government's own

fering him, by his testimony. * * * It is fundamental, we think, that the party offering the witness be really surprised at his testimony. Further, it is equally fundamental that the impeaching testimony be admitted not for the purpose of supplying what the witness was expected to, but did not, say, as a basis for a verdict, but only to eliminate from the jury's minds any positive adverse effect which might have been created by the testimony which has surprised the offerer."

Appellant also relies on Goings v. United States, 8 Cir. 1967, 377 F.2d 753. The court said:

"* * * [W]hen the witness merely fails, when called, to testify in favor of the party calling him, as he was expected to do, but says nothing which tends to aid the case of the adversary party, he cannot be cross-examined or impeached by the party who calls him. * * *

* * * * * *

"But Ray gave no evidence in any way helpful to the defendants, nor did he aid the case of the Government. In short, his testimony was wholly colorless and negative in probative effect. In such case, any showing of any former statements of the witness in which he said things hurtful to defendants was inadmissible."

■ Moreover, upon proper objection being made, or upon request to charge the jury of the limiting use to which such reference to the written statement can be used, a defendant in a criminal trial is entitled not to be subjected to cross examination by the reading of his entire extra judicial statement to him in the presence of the jury, in order to remove the damage caused by any "surprise" or because the witness turns out to be a "hostile" witness. As said in the *Goings* case, supra: "If a party can offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollec-

tion,' the old adversary system of trial must be revised. The evil of this practice hardly merits discussion. The evil is no less when an attorney can read the statement in the presence of the jury and thereby substitute his spoken word for the written document."

■ Additionally, the appellant contends that prejudicial error resulted from the failure of the trial court, even if it permitted the kind of cross examination which was done here, to charge the jury that such statements as were brought to their attention from the questions asked from the prior written statement must be considered then solely to test the veracity and trustworthiness of the witness and not as substantive testimony against him. In this respect the court cites Culwell v. United States, 194 F.2d 808, 5 Cir., 1952, to the following effect:

"* * * (A)t the time that this mass of hearsay evidence was received and had its impact on the jury, the court did not caution the jury that the contradictory statements could have no legal tendency to establish the truth of their subject-matter. * * * Nor was this omission cured by the court's charge, which fell far short of compliance with the careful instruction demanded by the authorities."

While the abstract principles in such cases as these are not in doubt, we conclude that they should not be applied here, because of the peculiar nature of the case before us, the nature of the conflicts in the prior statement and the oral testimony, and because of the failure of counsel to request the court to instruct the jury in the matters which he now complains of. We hasten to add that this record makes it appear that it may well have been a wise tactical move for trial counsel not to make such request of the court, and this increases our confidence in the judgment that we should not reverse the conviction under the "plain error" rule, 18 U.S.C.A. rule 52(b).[1]

---

1. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

The application of the rule permitting an appellate court to consider an error, although not called to the attention of the trial court, under the "plain error" rule, must, of course, depend upon the circumstances of the case since the appellate court, in order to apply the rule, must determine that the error "affect[s] substantial rights." [2] Here, we cannot find that such error as occurred with respect to the use made of the extra judicial statement was plain error, because of the peculiar nature of the circumstances involved in the prosecution and the effort made by the government to get at the truth of the witness's participation in the crime, to which he was testifying.

A careful reading of the record discloses the fact that the witness Burchfield, when placed on the stand by the government, identified appellant Hicks as the active participant in the transaction, as the result of which Burchfield passed ten counterfeit twenty dollar bills. His testimony touched very lightly on the participation by James McGuire. The cross examination by government counsel of Burchfield clearly sought to bolster up the witness's testimony in order to make a clearer case against McGuire, because it was an inconsistency as to the degree of McGuire's involvement that was depicted differently in the extra judicial statement given by the witness and his testimony from the witness stand. In other words, if the jury had taken the statement as substantive evidence it would have been much more inclined to believe that McGuire was the principal participant and appellant Hicks was much less involved. This might well have resulted in a different verdict by the jury which may well have found McGuire guilty of the substantive offenses instead of finding him guilty only on the conspiracy count, and may well have found Hicks guilty only of conspiracy. In light of this fact we cannot say that the failure of Hicks's lawyer to object to the testimony or to make a request either for a mistrial after it was received in evidence or a charge plainly telling the jury they could not consider the extra judicial statement as substantive evidence was not good trial tactics. Thus we cannot find that an injustice has been done. We, therefore, decline to pass on these alleged errors because of the failure to comply with Rule 30, Federal Rules of Criminal Procedure. [3]

■ We have carefully read the record to test the challenge made by counsel for appellant on the basis of the trial court's "undue" participation in the trial. We have also noted statements made by the trial court to counsel and the witness out of the presence of the jury. Once again, no motion for mistrial was filed and no objection was stated by counsel to the statements made by the trial court. While we realize that it is difficult for counsel to act with complete freedom in such circumstances, we do not find the statements made by the trial court or the questions asked by the trial judge in open court to be of such a nature as would warrant your determining that they constituted plain error and grounds for reversal of a conviction based on such substantial evidence, as was this case.

We have carefully considered the other points on appeal and find no merit in them.

The judgment is affirmed.

---

2. This court has just held in United States v. Campbell and J. Free, 5 Cir., 1969, 419 F.2d 1144, December 2, 1969, that the extensive questioning of a witness by the trial court did not amount to "plain error" as defined by the Supreme Court in United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555. As to other errors, such as improper charge to the jury, the court made reference to Mims v. United States, 5 Cir., 1967, 375 F.2d 135, 147, and Wright v. United States, 10 Cir., 1962, 301 F.2d 412, 414.

3. "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."