UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerry Franklin DOBBS, Defendant-
Appellant.

No. 30457.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1971.

N. P. Callahan, Jr., Birmingham, Ala. (Court-Appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., L. Scott Atkins, A. C. Bowen, Jr., Asst. U. S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal by the defendant who was convicted of robbing the Lenlock Branch of the Commercial National Bank of Anniston, Alabama, in violation of 18 U.S.C. § 2113(a). Defendant complains that an out-of-court statement of a co-defendant, David Wayne Stansell, was improperly read to the jury and that an incriminating remark by defendant to an FBI agent was obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree with defendant that the hearsay statement was improperly used and reverse and remand for a new trial.

At defendant's trial, the government called as a witness co-defendant Stansell, who had already pleaded guilty to the offense. After a few introductory questions, Stansell was asked who owned the car in which the demand note used in the robbery was written. Stansell refused to answer. After admitting robbing the bank, Stansell refused to

say who was with him. Thereafter, Stansell stated that a white Ford was used to rob the bank, although previous witnesses had testified a white Chevrolet was used. The government claimed surprise and asked to cross-examine the witness.

The government then read in its entirety a statement given by Stansell to the FBI. The statement was read to Stansell in the presence of the jury over defense objections. Stansell denied making the statement. The statement said that on October 31, 1969, Jerry Dobbs and Stansell had decided to rob a bank to pay bills and legal expenses; that they had cased the subject bank and decided that the bank and one of the tellers was an easy mark; that Dobbs and Stansell felt that because of racial difficulties police officers would be assigned to duty at the high school; that Dobbs drove his white 1962 Chevrolet to the vicinity of the bank; that they had a blank pistol and an eight millimeter mauser rifle; that Dobbs drove his car to the teller's window; that Stansell held up the teller with a note on the back of a check obtained from Dobbs; that the teller gave the money to them and they drove to Jacksonville, Alabama, where the money wrappers were flushed down a toilet; and that the money was split evenly between Dobbs and Stansell.

■ The principle permitting impeachment of one's own witness has been succinctly stated by this Court.

"It is the established rule that impeachment of one's own witness may be resorted to where his testimony has surprised the party offering him. However, the impeaching matter is to be limited to the point of surprise and even where there is a real surprise it is not proper to permit the impeachment testimony to go beyond the only purpose for which it is admissible, i. e., the removal of the damage the surprise has caused." Culwell v. United States, 194 F.2d 808 (5th Cir. 1952).

Impeachment is permitted only to remove the adverse effect of any surprise testimony and cannot be used to supply the anticipated testimony. Young v. United States, 97 F.2d 200 (5th Cir. 1938); Slade v. United States, 267 F.2d 834 (5th Cir. 1959); United States v. Hicks, 420 F.2d 814 (5th Cir. 1970).

■ In this case at the time the government claimed surprise the only positive damage Stansell had done was to testify that a Ford was used in the robbery rather than a Chevrolet as identified by other witnesses. And this was all that the government was entitled to repair. In these circumstances it should have been done by permitting the withdrawal of the witness and the striking of his testimony. Culwell v. United States, *supra*. In any event, impeachment could be allowed only as to the identity of the car. Instead, the government read the statement which described the defendant participating in the robbery. The government then drove the statement home by testimony from an FBI agent that Stansell had given the statement to him and had read, initialed and signed the statement. A handwriting expert was thereafter called by the government and he testified that Stansell had signed the statement. Thus, the hearsay statement was used beyond all need in clear violation of established rules of evidence.[1]

The defendant also objects to a remark made to an FBI agent as being in violation of Miranda v. Arizona, *supra*. No objection was made to the statement below and accordingly no hearing was held concerning the circumstances surrounding the statement. Since a retrial of this case is necessary, we believe it inappropriate to decide the matter without a full development of the facts and without the district court having an opportunity to rule or make appropriate findings.

Reversed and remanded.

1. We do not agree with the government that this error is harmless since the defendant was not identified by bank employees as being one of the participants and the effect of the Stansell statement was devastating.