UNITED STATES of America, Appellee,

v.

Larry C. DAVIS, Appellant.

No. 76–1904.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1977.

Decided March 16, 1977.

Certiorari Denied May 16, 1977. See 97 S.Ct. 2197.

Fred E. Bosshart, Little Rock, Ark., for appellant.

Samuel A. Perroni, Asst. U. S. Atty., U. S. Dept. of Justice, Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Attys., Little Rock, Ark., on brief.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

LAY, Circuit Judge.

Larry C. Davis appeals from his conviction for armed robbery of a federally insured bank in violation of 18 U.S.C. § 2113(d). He asserts two basic grounds for error: (1) that he was prejudiced by the trial court's admission of evidence that he had committed other bank robberies; and (2) that the trial court erred in the admission of certain hearsay statements. We affirm.

On December 2, 1975, the Capitol Avenue Branch of the Union National Bank in Little Rock, Arkansas, was robbed by a lone black male carrying an automatic pistol. Based upon information gained from Bruce Raymond Swinton, a friend of Davis, a warrant was issued to search Davis' home and evidence implicating Davis in that robbery was found in Davis' possession. At trial Swinton was called as a government witness and he testified that in January of 1976 he had observed a lot of money on the floor of Davis' closet. He testified that Davis had told him that "the money came from a bank." He said he could not recall further what Davis told him about the money. The government attempted to refresh his recollection with a signed statement previously given to Special Agent Bobby L. Siller, but he stated he could not remember what he had said.

The government next attempted to refresh Swinton's recollection through the use of his testimony against Davis at an earlier trial.[1] Swinton remembered testifying and stated that his testimony was truthful, but he could not recall any of the questions or answers. The government then read from that transcript revealing that Swinton had testified that Davis told him that the money came from a bank robbery and that he had been involved in other bank robberies.

Special Agent Siller, who had arrested Swinton, was also called as a government witness and he testified about the statement he had taken from Swinton. He stated that Swinton told him that he got the money in his possession when he was arrested from Davis. Siller further testified that Swinton told him that Davis told Swinton that Davis had obtained the money from a robbery of the First National Bank on January 23, 1976.

*Evidence of Other Crimes.*

Davis urges that the evidence concerning "other bank robberies" was prejudicial and was not clear or convincing proof of his participation in other robberies. We disagree.

The testimony concerned Davis' alleged admission of participation in four bank robberies, the one for which he was being tried and three others. The incidents were close in time and similar in modus operandi. See Fed.R.Evid. 404(b). *Cf. United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974). *See also United States v. McMillian,* 535 F.2d 1035, 1038 (8th Cir. 1976); and *United States v. Conley,* 523 F.2d 650, 653 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976).

Davis argues that the evidence of his other criminal conduct was not clear and convincing because Swinton testified that he did not believe Davis when Davis told him he had robbed four banks.

It is fundamental that proof of other crimes must be determined by the trial judge to be clear and convincing. *United States v. Calvert,* 523 F.2d 895, 906–07 (8th Cir. 1975), *cert. denied,* 424 U.S. 911, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1976); *United States v. Gocke,* 507 F.2d 820, 824 (8th Cir.

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Larry C. Davis had been previously tried for the January 23, 1976 robbery of the First National Bank in Little Rock, Arkansas. Bruce Raymond Swinton was called as a government witness at that trial. Davis was convicted and upon appeal this court affirmed the conviction. *United States v. Davis,* 542 F.2d 743 (8th Cir. 1976).

1974), *cert. denied*, 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975); and *Cunha v. Brewer*, 511 F.2d 894, 900 (8th Cir.), *cert. denied*, 423 U.S. 857, 96 S.Ct. 108, 46 L.Ed.2d 83 (1975). Here the witness testified that Davis himself admitted complicity in the other crimes. Such an admission, if made directly, is clear and convincing proof of his participation. We find no abuse of discretion in the trial court's determination.

*Swinton's Testimony.*

Davis further urges that the government erred in use of Swinton's prior statements after he had stated he could not remember. The government attempted to refresh Swinton's recollection in two ways. First, they presented him with a statement he allegedly made to Special Agent Siller following his arrest. When he still failed to remember they showed him a transcript of his testimony in a prior proceeding. Questions and Swinton's responses from both instruments were read to the jury.

 The defendant admits that Swinton's prior testimony was admissible under Fed.R.Evid. 804. Rule 804(a)(3) makes a declarant "unavailable" when he "testifies to a lack of memory of the subject matter of his statement; . . ." Rule 804(b)(1) provides that former testimony of the unavailable declarant is not excluded by the hearsay rule if it was:

> [G]iven as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

That is the exact situation here. Furthermore, the defendant has not been denied his confrontation rights because he had the opportunity to cross-examine Swinton at the prior proceeding. *See, e. g., California v. Green*, 399 U.S. 149, 165, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); and *McDonnell v. United States*, 472 F.2d 1153 (8th Cir.), *cert.*

*denied*, 412 U.S. 942, 93 S.Ct. 2785, 37 L.Ed.2d 402 (1973).

 Davis' contention is that the first attempt to refresh Swinton's recollection with his signed statement so prejudiced his right to a fair trial that reversal is required. We recognize that the use of such a statement as substantive evidence under the pretext of refreshing recollection is not allowed. *Goings v. United States*, 377 F.2d 753 (8th Cir. 1967). *See also United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975); *United States v. Coppola*, 479 F.2d 1153, 1158 (10th Cir. 1973); *United States v. Dobbs*, 448 F.2d 1262, 1263 (5th Cir. 1971); *United States v. Johnson*, 427 F.2d 957, 961 (5th Cir. 1970); *Bushaw v. United States*, 353 F.2d 477, 481 (9th Cir. 1965), *cert. denied*, 384 U.S. 921, 86 S.Ct. 1371, 16 L.Ed.2d 441 (1966); and *Fontaine v. Patterson*, 305 F.2d 124, 130 (5th Cir. 1962). However, the contents of that statement was not materially different from Swinton's prior testimony at the first trial. Thus, although the use of the statement was questionable, it was cumulative and did not so prejudice the trial to require reversal.

*Siller's Testimony.*

 Davis' final contention is that Special Agent Siller's testimony was inadmissible multiple hearsay. The government argues that his testimony was admissible for the purpose of attacking the credibility of Swinton. We believe the use of Special Agent Siller's testimony was also highly questionable. *See United States v. Dunmore*, 446 F.2d 1214 (8th Cir. 1971), *cert. denied*, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972); *Goings v. United States, supra*; and *United States v. Rainwater*, 283 F.2d 386 (8th Cir. 1960). *Cf. United States v. Rogers*, 549 F.2d 490 (8th Cir., filed Dec. 30, 1976) (Lay dissenting). *See also United States v. Morlang, supra; United States v. Davis*, 487 F.2d 112 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); *United States v. Coppola, supra; United States v. Hill*, 481 F.2d 929 (5th Cir.), *cert. denied*, 414 U.S. 1115, 94 S.Ct. 847, 38 L.Ed.2d 742

(1973); *United States v. Cunningham*, 446 F.2d 194 (2d Cir.), *cert. denied*, 404 U.S. 950, 92 S.Ct. 302, 30 L.Ed.2d 266 (1971); and *United States v. Dobbs, supra.* However, once again, the contents of Siller's testimony was not materially different from Swinton's prior testimony at trial and we find that it did not so prejudice the trial as to require reversal.

The judgment of the district court is affirmed.