HENDRY, Chief Judge.
Petitioner, State of Florida, appellee below, brings this petition for writ of certiora-ri to review an order of the circuit court, sitting in its appellate capacity, which reversed the conviction of respondent, appellant below, for careless driving, pursuant to Section 316.030, Florida Statutes (1975).
Respondent was charged with careless driving for failure to yield the right of way, causing an accident. At trial in county court, the arresting officer was permitted to read the contents of the accident report into evidence. The report itself, was then admitted into evidence, over objection by respondent’s counsel that said report was based upon hearsay testimony. No other evidence or testimony was presented to the court, nevertheless, respondent was adjudicated guilty as charged and fined.
On appeal, the circuit court reversed respondent’s conviction and certiorari follows.
Petitioner contends that an accident report may be admitted into evidence at trial, to support a conviction for careless driving. Petitioner argues that the apparent conflict between Fla.R.Traf.Ct. 6.460, allowing for the admittance of accident reports into evidence, and Section 316.066(4), Florida Statutes (1975), which in pertinent part provides that “. . . No such report (accident) shall be used as evidence in any trial, civil or criminal, arising out of an accident . ” is resolved in light of the decriminalization of traffic violations. Petitioner states that pursuant to Chapter 318, Florida Statutes (1975), violations are now termed “infractions” and are neither civil or criminal in nature. Therefore, petitioner concludes, accident reports are admissible in a hearing based upon a traffic offense such as careless driving and in reversing respondent’s conviction and holding otherwise, the circuit court departed from the essential requirements of law.
Respondent, on the other hand, states that Section 316.066(4), Florida Statutes (1975), being substantive law, abrogates and is superior to a procedural rule, such as Fla.R.Traf.Ct. 6.460. In addition, respondent argues that the penalties involved in traffic violations are sufficiently serious so as to classify “infractions” as being criminal in nature, thus precluding the introduction of an accident report into evidence based upon Section 316.066(4).
The question, then, raised by the parties is whether Section 316.066(4), Florida Statutes (1975), as substantive law, abrogates Fla.R.Traf.Ct. 6.460, which is procedural in nature, so as to preclude the introduction of an accident report into evidence in a hearing based upon a traffic violation.
Upon consideration of the facts of this case, we are of the opinion that an answer to the above posed question need not be reached for a proper determination on the merits. In reviewing the record of the proceedings in the county court, we note that an adjudication of guilt was based solely upon the testimony of the arresting officer utilizing information found in the accident report. The information found in the re *793 port was based upon statements made by witnesses to the accident, including the other party involved, plus ex post facto observations of the officer. No other evidence was introduced at trial nor did any witness (or the other party to the accident), whose statements formed the basis of the report, testify in court. .
In light of the above, we are of the opinion that petitioner failed to present a prima facie case against respondent for careless driving. As mentioned above, the report was based substantially upon the out of court statements of witnesses to the accident. Said statements amounted to hearsay, not lending themselves to the safeguards of cross-examination, and as such, were incapable by themselves, to prove that respondent did in fact commit the traffic violation. United States v. Hicks, 420 F.2d 814 (5th Cir. 1970); Yates v. Bair Transport, Inc., 249 F.Supp. 681 (S.D.N.Y.1965); Smith v. Frisch’s Big Boy, Inc., 208 So.2d 310 (Fla.2d DCA 1968); Annotation, 69 A.L. R.2d 1148.
Petition for certiorari is therefore denied, and the order of the circuit court reversing respondent’s conviction for careless driving is affirmed.
Affirmed.