STATE of Minnesota, Respondent,

v.

David ZEIMET, Appellant.

No. C9–82–860.

Supreme Court of Minnesota.

May 11, 1984.

Rehearing Denied, Aug. 15, 1984.

Jack S. Nordby, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Richard Osborne, J. Michael Richardson, Asst. County Attys., Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

SCOTT, Justice.

In 1978 defendant was found guilty by a district court jury of two counts of third-degree murder in the commission of a felony, namely arson, Minn.Stat. §§ 609.195(2) and 609.563 (1976). The trial court sentenced defendant to two concurrent limited 15-year maximum prison terms. The prosecution arose from the 1977 deaths by smoke inhalation of two children in a house fire set by defendant to get revenge at the children's mother, a prostitute and drug addict, who had participated as an accomplice in the robbery of defendant's friend.

In *State v. Zeimet,* 310 N.W.2d 552 (Minn. 1981), we granted the defendant a new trial because the prosecutor improperly failed to disclose to defendant's trial counsel certain information that the prosecutor had obtained from the children's grandmother concerning the possible culpability of the mother in the children's death. On retrial, defendant was again found guilty by a jury of two counts of felony murder. He was sentenced by the trial court to two concurrent Guidelines terms of 97 months, with credit for time already served and with execution of the sentence stayed pending this appeal. On appeal defendant contends (1) that the judgment of conviction should be reversed outright because (a) his right to a speedy trial was denied and (b) the evidence of his guilt was legally insufficient, or (2) that he should be given a new trial because (a) the trial court erred in admitting certain prior statements and testimony challenged by defendant on hearsay and confrontation grounds, (b) the trial court erred in letting two witnesses give certain opinions, (c) the prosecutor committed misconduct in closing argument, and (d) the trial court erred in refusing to submit certain lesser offenses requested by defendant, particularly arson. We affirm.

1. Defendant's claim that the evidence of his guilt was legally insufficient is meritless, as is his claim that he was denied a speedy trial.

■ Evidence of defendant's guilt included (a) testimony of a number of witnesses establishing that defendant had a motive for setting the fire that killed the girls, (b) testimony of defendant's friend that he saw defendant break into the house and testimony by the police that defendant admitted breaking into the house, and (c) substantive evidence, in the form of excerpts from prior statements and testimony of defendant's friend and defendant's landlord, that defendant admitted to them that he set the fire. It is clear that it was proper to use arson as the underlying felony on which to base the felony murder conviction. *State v. Nunn,* 297 N.W.2d

752, 753–54 (Minn.1980); *State v. Hansen,* 286 Minn. 4, 174 N.W.2d 697 (1970).

■ Defendant's claim that he was denied a speedy trial is based on the delay between the first trial and the second trial, a delay defendant attributes to the prosecutor's failure to comply with the discovery rules. Defendant does not cite any cases that would bar the retrial under the circumstances of this case and we have found none. In any event, defendant has not shown any actual prejudice resulting from the delay between his first trial and the retrial.

2. (a) Defendant's main contention on appeal is that the trial court erred in admitting parts of the prior statements to police and parts of the testimony before the grand jury and at the first trial of defendant's friend and defendant's landlord.

Testimony at the first trial concerning defendant's admissions was clearly admissible at the second trial pursuant to Minn. R.Evid. 804(b)(1). That rule provides that, if the declarant is unavailable as a witness, his former testimony given as a witness at the prior criminal trial is not excluded by the hearsay rule at a retrial of the same defendant for the same offense. Even if a declarant testifies at the retrial, he is "unavailable" under Rule 804(a)(3) as to those subjects of which he lacks memory at the retrial. The United States Supreme Court has held that the admission of former testimony against the accused at a retrial does not violate the accused's right of confrontation when the witness is not available to testify at the retrial or when the witness testifies at the retrial but claims a lack of memory. *Mancusi v. Stubbs,* 408 U.S. 204, 216, 92 S.Ct. 2308, 2314, 33 L.Ed.2d 293 (1972); *California v. Green,* 399 U.S. 149, 167–68, 90 S.Ct. 1930, 1940, 26 L.Ed.2d 489 (1970); *see also United States v. Davis,* 551 F.2d 233, 235 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237 (1977).

■ Since any prior testimony of the two witnesses on the subject matter was properly admitted, any evidence as to their

statements to police and their testimony before the grand jury was cumulative and any error in admitting it was harmless. *See United States v. Davis,* 551 F.2d at 235–36. However, we do not believe that the admission of that evidence was erroneous either. That evidence was properly admitted as recorded recollection under Minn.R.Evid. 803(5), which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
>    \*     \*     \*     \*     \*     \*
>
> (5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Both witnesses gave their prior statements when they had personal knowledge of defendant's admissions; the statements were contemporaneously and accurately recorded; both witnesses lacked sufficient present recollection at the retrial to testify fully and accurately about the subject matter; and both witnesses testified that they were being truthful when they made the statements that were recorded. The United States Supreme Court in *California v. Green,* 399 U.S. at 168–69, 90 S.Ct. at 1940–41 left open the question whether a witness' lack of memory about a matter asserted in a *prior inconsistent statement* might so interfere with defense cross-examination as to violate the accused's right to confront his accusers. But "courts have consistently rejected defense challenges under the Confrontation Clause to the use against the accused of past recollection recorded." 4 D. Louisell & C. Mueller, *Federal Evidence* § 445, at 641 (1980). One case rejecting such a challenge is *United States v. Riley,* 657 F.2d 1377, 1386 (8th Cir.1981).

■ (b) Defendant claims next that the trial court erred in letting the victims' grandmother and a friend of the victims' mother give their opinion that when the victims' mother said she "killed" her children she meant that she was morally responsible in the sense that she had left the children alone in the house.

Minn.R.Evid. 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

The comments of Professors Louisell and Mueller bear on this:

> It is a difficult question whether a witness should be permitted to give his opinion as to the unspoken knowledge, intent, understanding, or feelings of another person, or to the intended meaning of another in the words he speaks. On the one hand, it is of course true that no witness has a window into the mind of another, and testimony on such points is necessarily highly interpretive and less than certain. On the other hand, common experience strongly suggests that contemporaneous firsthand observation of another yields valuable impressions which cannot adequately be conveyed later by "objective" descriptions of outward behavior. Certainly testimony along these lines should not be automatically excluded. Often the requirements of Rule 701—adequate basis and helpfulness—*will* be satisfied, and if so, testimony to the unspoken knowledge, intent, understanding, or feelings of another should be allowed, and the same is true of testimony to the intended meaning of another in the words he speaks.

3 D. Louisell & C. Mueller, *Federal Evidence* § 376, at 625–26 (1979). Both witnesses knew the victims' mother well; both heard her say that she had "killed" her

children; and both knew what she meant when she said that. Further, their testimony as to what she meant was helpful to the jury. We conclude that the trial court did not abuse its considerable discretion in concluding that the requirements of Rule 701 were met in this case.

(c) Defendant's third claim of trial error relates to the prosecutor's closing argument. We conclude that no prejudicial misconduct was committed.

(d) Defendant's final claim of trial error is that the trial court erred in failing to submit the lesser offense of arson, which was the underlying felony on which the felony murder convictions were based.

■■■ The trial court properly submitted first-degree manslaughter in the commission of a crime, Minn.Stat. § 609.20(2) (1976),[1] but properly declined to submit the underlying offense, arson in the third degree, as a separate offense. It is true that arson in this case was included, it being the underlying felony on which the felony murder charge was based. *State v. Morgan,* 296 N.W.2d 397, 402 n. 3 (Minn.1980). However, there was no rational basis upon which the jury could find defendant not guilty of the charged offense or of the lesser offense that was submitted *and* guilty of the underlying crime of arson. If defendant was guilty of arson, then he was guilty of either the charged offense or of first-degree manslaughter in the commission of a crime. Under the circumstances, the trial court properly declined to submit arson. *State v. Nesgoda,* 261 N.W.2d 356, 357 (Minn.1977).

Affirmed.

---

1. Submission of first-degree manslaughter was proper under *State v. Adams,* 295 N.W.2d 527 (Minn.1980), because the underlying crime was arson in the third degree, Minn.Stat. § 609.563 (1976). It was up to the jury to decide whether the underlying crime was a felony or not, a determination that depended in turn on the jury's determination of the value of the damages to the building. If the value of the damages was under $300, then the jury could have found defendant guilty of manslaughter in the commission of a crime.