William K. HALL, Appellant,

v.

AMERICAN BAKERIES
COMPANY, Appellee.

No. 88–1644.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1988.

Decided May 2, 1989.

Rehearing Denied June 1, 1989.

D. Eric Sowers and Elaine E. Bensavage,
St. Louis, Mo., for appellant.

Henry D. Menghini, St. Louis, Mo., for
appellee.

Before FAGG and WOLLMAN,
Circuit Judges, and FLOYD R.
GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit
Judge.

William K. Hall appeals the district
court's[1] decision after a bench trial that
appellee American Bakeries Company did
not engage in unlawful age discrimination
in violation of the Age Discrimination in
Employment Act (ADEA), 29 U.S.C.
§§ 621–634 (1982), by discharging him from
his position as Thrift Store Coordinator in
April 1984. We affirm.

I. BACKGROUND

Hall first began working for American
Bakeries in 1957. Over the years, he re-
ceived a number of promotions and worked
in several different locations across the
country. In June 1980, Hall was transfer-
red to St. Louis and in 1983 was appointed
Thrift Store Coordinator. Hall's main
function in this position was to supervise
the personnel of American Bakeries' vari-
ous thrift stores in the St. Louis area; his
job also involved store maintenance, adver-
tising, and budgeting. In April 1984, when

---

1. The Honorable Stephen N. Limbaugh, United
States District Judge for the Eastern District of
Missouri.

he was fifty-nine, Hall was discharged from this position by Jack Long, who had been hired as general manager of the St. Louis plant in November 1983.

Hall claims that his job was filled by a younger employee, Susan Canania. He claims that the evidence shows that the duties performed by Canania after he was discharged were the same as the duties he had performed. American Bakeries claims that Hall was discharged as part of a reduction-in-force effort. There was testimony that the St. Louis plant had been losing money rapidly since 1981 and that Jack Long was hired in 1983 to attempt to turn around the St. Louis plant's declining financial situation. As part of that effort, according to American Bakeries, several management positions, including Hall's, were eliminated. American Bakeries disputes Hall's claim that his position remained and was filled by a younger employee; it claims that the position was indeed eliminated and Hall's duties were combined with other positions.

At the close of Hall's case, American Bakeries moved for a directed verdict, claiming that Hall failed to establish a prima facie case of age discrimination. The district court did not explicitly rule on that motion and required the presentation of evidence to continue. After a full trial, the district court found that Hall failed to show that age was a factor in his discharge. The district court concluded that Hall's job was eliminated and that his duties were split among several employees.

This appeal followed.

## II. DISCUSSION

### A. District Court's Finding of No Discrimination

It is well established that the guidelines set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) regarding the order of proof in Title VII cases are applicable to age discrimination cases brought under the ADEA. *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1164 (8th Cir.1985); *Halsell v. Kimberly–Clark Corp.,* 683 F.2d 285, 289 (8th Cir.1982), *cert. denied,* 459 U.S. 1205,

103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). According to *McDonnell Douglas,* the burden of production rests first with the plaintiff to establish a prima facie case of discrimination. If that is accomplished, the burden shifts to the defendant to show some legitimate, nondiscriminatory reason for the adverse employment action. Then, the burden returns to the plaintiff to show that the defendant's proferred reason was pretextual. *McDonnell Douglas,* 411 U.S. at 802–04, 93 S.Ct. at 1824–25. The particular facts that must be proved at the prima facie stage must necessarily vary with differing factual situations. *See id.* at 802 n. 13, 93 S.Ct. at 1824 n. 13; *Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1270 (8th Cir.), *cert. denied,* ─── U.S. ───, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). But, in any event, the plaintiff bears the ultimate burden of producing evidence that supports an inference that the employer's decision was based on an illegal motivation. *Id.* at 1269.

We have held that a plaintiff in an ADEA case may establish a prima facie case by showing:

(1) that he or she is within a protected age group, (2) that he or she met applicable job qualifications, (3) that despite these qualifications, he or she was discharged, and (4) that, after the discharge the position remained open and the employer continued to seek applications from persons with similar qualifications.

*Cova v. Coca–Cola Bottling Co.,* 574 F.2d 958, 959 (8th Cir.1978). However, in *Holley,* 771 F.2d 1161, we adopted a special requirement for plaintiffs attempting to prove age discrimination in reduction-in-force cases. According to *Holley,* in such cases the plaintiff must show more at the prima facie stage than that he or she was in a protected age group, was performing competently, and was discharged. The *Holley* court held that "the 'plaintiff in such reorganization cases must come forward with additional * * * evidence that age was a factor in his termination in order to establish a prima facie case.'" *Id.* at 1166 (quoting *LaGrant v. Gulf & Western*

*Mfg. Co., Inc.*, 748 F.2d 1087, 1091 (6th Cir.1984)).[2]

In its opinion, the district court stated that this case "clearly involves a reduction in force situation" and that Hall thus had to establish the following five elements to make a prima facie case:

1. That he was between 40 and 70 years old at the time of his termination;

2. That he was performing his job at a level that met his employer's legitimate expectations;

3. That despite his performance in his job, he was terminated;

4. That his job in its various parts continued to exist; and

5. That plaintiff's age was a determining factor in defendant's actions.

*Hall v. American Bakeries*, No. 86–678, slip op. at 4 (E.D.Mo. Feb. 9, 1988) (citing *Leichihman*, 814 F.2d at 1268). The district court went on to conclude that Hall failed to show that his age was a factor in his discharge. The court credited American Bakeries' evidence that it was faced with a rapidly declining financial situation and responded by, among other things, eliminating Hall's position and assigning his duties to several other employees. The district court considered American Bakeries' reason for terminating Hall to constitute good cause under section 4(f)(3) of the ADEA, which provides that termination of an employee for good cause is not unlawful. 29 U.S.C. § 623(f)(3) (1982).

■ Hall complains that the district court inappropriately viewed the evidence in this case in terms of the burden of production rule in *Holley*. Hall argues that American Bakeries' claim that it discharged him as a part of a reduction in force was pretextual. Thus, Hall claims, the district court erred in considering *Holley* to be applicable because *Holley* provides a burden-allocation scheme only for true reduction-in-force cases.

Because this case proceeded to a full trial on the merits and the district court made a determination on the discrimination issue after hearing the evidence presented by both sides, we need not linger over whether the district court's discussion of *Holley* was correct. Where, as here, a finding of discrimination *vel non* has been made, the appellate court need not concern itself with the order of proof and presumptions, but, rather, should "simply study the record with a view to determining whether the evidence is sufficient to support whatever finding was made at trial." *Barber v. American Airlines, Inc.*, 791 F.2d 658, 660 (8th Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986). The ultimate factual issue in this case is whether American Bakeries discriminated against Hall on the basis of age, and " 'because the case was fully tried on the merits, [on appeal] we focus our attention on the ultimate question presented and not on the adequacy of a party's showing at any particular stage of the analysis set down in *McDonnell Douglas Corp.* * * * as applied in an age discrimination case.' " *Bethea v. Levi Strauss & Co.*, 827 F.2d 355, 357 (8th Cir.1987) (quoting *Gilkerson v. Toastmaster, Inc.*, 770 F.2d 133, 135 (8th Cir.1985)). *See also United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713–15, 103 S.Ct. 1478, 1480–82, 75 L.Ed.2d 403 (1983).

Thus, it is not our task at this point to determine whether this is a case to which *Holley* applies at the prima facie stage. The district court required the case to proceed past the prima facie stage; it required American Bakeries to produce its evidence of its legitimate, nondiscriminatory reason for discharging Hall and it allowed Hall the opportunity to produce his evidence of pretext. And, the district court in the end reached the conclusion that age was not a "determining, substantial or even a motivating factor in [American Bakeries'] deci-

---

**2.** We also noted in *Holley* that in reduction-in-force cases the requirement that the plaintiff show that the position remained open will necessarily be modified to account for the fact that in such cases the position is often eliminated altogether. *Holley*, 771 F.2d at 1165. *See also*

*Leichihman*, 814 F.2d at 1268–70 (upholding a jury instruction in an ADEA reduction-in-force case requiring the plaintiff to show, *inter alia*, "[t]hat his job in its various parts continued in existence" after his discharge).

sion to terminate Mr. Hall." *Hall,* slip op. at 4. Our task at this point is only to review that factual finding. *See Mullins v. Uniroyal, Inc.,* 805 F.2d 307, 308 (8th Cir. 1986) (noting that a district court's finding of no discrimination under the ADEA is a finding of fact).

Our review of the district court's factual findings is quite limited; we review those findings under the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a). We may not reverse the district court's finding of no discrimination simply because we may have reached a different result. Reversal is appropriate only if after reviewing the record we are " 'left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed. 2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

█ Applying that standard, we affirm the district court's judgment that age was not a factor in American Bakeries' decision to discharge Hall. After hearing the evidence, the district court concluded that American Bakeries was forced to do some internal reorganizing of staff and facilities because of its declining sales. Jack Long was hired in November 1983 as manager of the St. Louis plant to try to turn that plant, which had lost $3,000,000 in the prior two years, into a profit-making operation. After studying the company, Long decided to eliminate several management positions as well as implement union job layoffs and wage concessions. Hall's position was among those terminated. Hall argues that his position was not actually eliminated but, rather, was given to a younger employee. However, the district court credited American Bakeries' evidence that the job was indeed eliminated and Hall's duties were assigned in a piecemeal fashion to other existing employees.

Based on the record, we believe that the district court's findings, outlined above, are persuasive. Accordingly, we are compelled to uphold the district court's judgment. *See Anderson,* 470 U.S. at 573–74, 105 S.Ct. at 1511–12 ("If the district court's

account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse * * *.")

**B. Witness's Use of Notes**

█ Hall also argues that the district court abused its discretion by allowing one of American Bakeries' witnesses to refer to notes while testifying. During American Bakeries' direct examination of Jack Long regarding the job duties performed by Hall and the employees to whom those duties were assigned after Hall's discharge, Hall's attorney objected to Long's use of written notes. The district court allowed Hall's attorney to question Long regarding the notes, and Long stated that he made the notes a few days before trial to assist him in testifying. The district court overruled Hall's objection and allowed Long to continue using the notes.

We consider the district court's allowance of this procedure to be error, but not error that was so prejudicial to Hall that reversal is warranted.

This is not a situation in which a document was used as a means to refresh a witness's recollection as allowed by Federal Rule of Evidence 612. No foundation was laid regarding Long's need to refresh his memory or whether the notes would be of assistance. It appears that when Long was questioned as to the nature of the Thrift Store Coordinator's duties, he testified, for the most part, from his notes prepared for trial and not from his own recollection.

It is error to allow a witness to testify at trial from prepared notes under the guise of refreshing recollection. *See United States v. Davis,* 551 F.2d 233, 235 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237 (1977); *Goings v. United States,* 377 F.2d 753, 759–62 (8th Cir.1967). However, the error is not grounds for reversal in this case because the evidence elicited from Long while he was testifying from his notes was generally cumulative of other properly-admitted evidence. *See United States v. Davis,* 551 F.2d at 235 (stating that "although the use of [a witness's prior statement] was questionable, it

was cumulative and did not so prejudice the trial to require reversal"). The issues to which Long's notes were relevant—namely, the nature of Hall's duties and whether those duties were assigned exclusively to Susan Canania after Hall's discharge—were addressed by other witnesses and also in Long's deposition, which was admitted at trial. We are convinced that the district court had sufficient evidence apart from the portion of Long's trial testimony that was based on his notes upon which to base its conclusion that Hall's duties as Thrift Store Coordinator were combined with several jobs and were not assigned exclusively to Susan Canania. Thus, the district court's allowance of the witness's use of the notes, although erroneous, is not grounds for reversal.

## III. CONCLUSION

We conclude that the district court committed no error of law in its analysis of the evidence in this case, and that its finding that American Bakeries did not discriminate against Hall based on age was not clearly erroneous. Further, we hold that the district court's failure to sustain Hall's objection to American Bakeries' witness's use of notes while testifying was not reversible error.