**Robert Owen McDONNELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 72–1434.**

United States Circuit Court,
Eighth Circuit.

Submitted Dec. 7, 1972.

Decided Feb. 5, 1973.

Charles Thompson, Pierre, S. D., for appellant.

David R. Gienapp, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The defendant, Robert Owen McDonnell, was convicted of breaking and entering the Farmers State Bank of Mellette, South Dakota, with intent to commit larceny in violation of 18 U.S.C. § 2113(a). This Court reversed and remanded a previous conviction of the defendant on the same charge. McDonnell v. United States, 455 F.2d 91 (CA8 1972).

The Farmers State Bank of Mellette was burglarized on May 18, 1969. On May 21, 1969 the defendant, Danny Ward, and Clarence Byrd were apprehended in Merriman, Nebraska in the commission of a burglary. On September 5, 1969, McDonnell was charged in United States District Court in Nebraska with entry and attempt at entry of the Bank of Brady, Nebraska. The defendant filed a motion to suppress certain evidence taken in a search of a 1968 Plymouth car, the keys to which were found in McDonnell's possession. Before a final adjudication of the motion to suppress, the Government dismissed the Nebraska indictment. McDonnell was then indicted in U.S.D.C. of South Dakota on February 11, 1970. A similar motion to suppress the evidence taken from the 1968 Plymouth car was denied.

At McDonnell's first trial, Danny Ward testified on behalf of the Government to the effect that he, Byrd, and McDonnell all participated in the burglary at Mellette. On cross-examination he stated that he couldn't state for certain that McDonnell was with him during the Mellette burglary. The defendant was convicted on February 18, 1971, but this court reversed and remanded the case for re-trial on February 16, 1972 on other grounds. McDonnell v. United States, 455 F.2d 91 (CA8 1972).

At the second trial of McDonnell, Danny Ward was again called to testify. This time, however, the witness was evasive and testified that his memory relating to most of the facts of the Mellette burglary had left him. Ward testified that he told the truth at the time of the first trial but that he did not now have any personal recollection as to what occurred in Mellette. Danny Ward's direct examination and cross-examination at the previous trial were then read to the jury. This testimony tended to incriminate McDonnell. McDonnell was convicted June 29, 1972 of the same charge and received a sentence of eighteen years. This appeal followed denial of motions for a new trial and for judgment of acquittal.

McDonnell bases his appeal on five different arguments:

1. That the court committed error by allowing the prior testimony of Danny Ward to be read into evidence at trial.

2. The Court erred in not giving the "mere presence" instruction as requested by the defendant.

3. The Court erred in not continuing the trial until transcripts of testimony taken in Oregon when Ward and Byrd plead guilty to other crimes, which was related to the Mellette burglary, was produced by the Government as requested.

4. The Court erred in not allowing an evidentiary hearing on defendant's motion to suppress evidence taken in a search of a 1968 Plymouth.

5. The trial court erred in not granting the motion of defendant for a judgment of acquittal.

## I.

Appellant contends that the Court erred in allowing Danny Ward's testimony in the first trial to be read into evidence in the second trial. In doing this, claims McDonnell, the Court improperly allowed prior consistent statements into evidence. This would be a violation of the hearsay rule if accurate. Hoover v. Beto, 439 F.2d 913, 924 (CA5 1971). The Supreme Court has held that prior *inconsistent* statements may be introduced as substantive evidence when the declarant is present and testifying at trial. California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The real issue in this case is whether the witness' faulty memory concerning the events in Mellette makes his prior testimony inconsistent. The trial court found that it did. The evidence clearly supports that finding.

Even if parts of Danny Ward's testimony at the second trial could be construed to be consistent with his prior testimony, we would be reluctant to hold that the admission of his former testimony was error. Under Rule 804 of the Rules of Evidence for United States Courts and Magistrates, which will become effective July 1, 1973, the consistency or inconsistency of the earlier testimony with the witness' subsequent loss of memory becomes irrelevant. That rule, as pertinent, reads:

HEARSAY EXCEPTIONS: DECLARANT UNAVAILABLE

(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant:

\* \* \* \* \* \*

(3) Testifies to a lack of memory of the subject matter of his statement \* \* \*

\* \* \* \* \* \*

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of another proceeding, at the instance of or against a party with an opportunity to develop the testimony by direct, cross, or redirect examination, with motive and interest similar to those of the party against whom now offered.

\* \* \* \* \* \*

Since Ward testified to a lack of memory as to a material portion of the subject matter of his prior testimony, he would be "unavailable" under Rule 804 and his former testimony on the subject would be admissible. Such a rule of evidence is supported by textwriters and case law. *See generally,* M. Ladd and R. Carlson, Cases and Materials on Evidence, 1001–1025 (1972); McCormick on Evidence, 611–12 (2d ed. 1972).

Appellant contends that reading of Ward's prior testimony from appellant's first trial violated the Sixth Amendment's confrontation clause. The Supreme Court long ago found that the literal right to "confront" a witness at the time of trial forms the core of the values furthered by the confrontation clause. Mattox v. United States, 156 U.S. 237, 242–243, 15 S.Ct. 337, 39 L.Ed. 409 (1895). As long as the declarant is testifying as a witness and is, or has been, subject to full and effective cross-

examination, the confrontation clause is not violated by admitting a declarant's out-of-court statements. California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). No Supreme Court decisions interpreting the confrontation clause require excluding the out-of-court statements of a witness who is available and testifying at trial. Id. at 161, 90 S.Ct. 1930. The Court has not allowed use of prior testimony where there was never any right to cross-examine and the witness was out of the jurisdiction, Pointer v. Texas, 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), or where the State has not made a good faith effort to obtain the presence of an allegedly "unavailable" witness, Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). Even where the witness is present, the right of cross-examination may not exist if the witness refuses to testify on self-incrimination grounds. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L. Ed.2d 234 (1965). In Douglas, the Court indicated that there would have been no confrontation problem if the witness would have affirmed the declaration (confession) as his. Id. at 420, 85 S.Ct. 1074. Nor is there a confrontation problem when the right to cross-examine exists only contemporaneously with the out-of-court declaration. In Green the Court said at 161 of 399 U.S., at 1936 of 90 S.Ct.:

> ". . . neither evidence nor reason convinces us that contemporaneous cross-examination before the ultimate trier of fact is so much more effective than subsequent examination that it must be made the touchstone of the confrontation clause."

Thus, the holding in Green is that there is no Confrontation Clause problem as long as the opportunity to cross-examine exists either when the declaration was made or when it is sought to be admitted into evidence. In the case at bar the defendant had an opportunity to cross-examine the witness at both the first trial when the testimony was taken and at the second trial when it was read into

evidence as prior inconsistent statements. In fact the defendant did cross-examine the witness on both occasions. The record shows that the witness admitted making the prior statements but could not presently recall the happenings in Mellette. As Justice White stated in Green at 164, 90 S.Ct. at 1938:

> ". . . the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories."

Appellant's right to confrontation was not violated when the record testimony in the first trial was introduced in the second. Golliher v. United States, 362 F.2d 594, 604 (CA8 1966).

## II.

■■ In his second argument, appellant contends that the Court erred in not giving the "mere presence" instruction as requested by him. Of course, a finding of mere presence and knowledge by a defendant that a crime is being committed is not alone sufficient to convict the defendant. King v. United States, 402 F.2d 289, 291 (CA10 1968). However, the mere request for such an instruction does not entitle the defendant to it. Loux v. United States, 389 F.2d 911, 921–922 (CA9 1968). In the opening statement and closing argument of the appellant it was contended that the defendant was not even present in South Dakota. The appellant's entire defense is a claim of absence from the scene of the crime. In addition, the testimony of Ward, if believed, showed an active participation by appellant in the burglary of the bank. This is unlike the case of United States v. Garguilo, 310 F.2d 249 (CA2 1962) cited by appellant where it was a close question whether there was active participation. There is no evidence from which the jury could have

found that appellant was present but not participating in the burglary. Therefore, we find no error in denying the "mere presence" instruction as requested by appellant. *Cf.* United States v. Thomas, 469 F.2d 145 (CA8, No. 72–1103, November 15, 1972).

### III–V.

Appellant also contends (1) the court erred in not continuing the trial until a transcript from an Oregon trial involving defendants Ward and Byrd was produced by the prosecution; (2) the court erred in not allowing an evidentiary hearing on appellant's motion to suppress evidence; and (3) the trial court erred in not granting the motion of defendant for a judgment of acquittal. We find these arguments without merit.[1]

Affirmed.

---

[1]. We also note appellant's allegation with respect to the Government's failure to produce the Oregon transcripts was raised by him in a pro se brief and refuted by this Court in his prior appeal. 455 F.2d at 97. Likewise, the facts contained in appellant's motion to suppress evidence (and the affidavit in support thereof) did not contain anything different from the allegations raised and rejected in the first trial and appeal. 455 F.2d at 97.