UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael APOLLO, Defendant-Appellant.

No. 73-2887.

United States Court of Appeals,
Fifth Circuit.

March 11, 1974.

William M. Coffey, Milwaukee, Wis., for defendant-appellant.

William S. Sessions, U. S. Atty., Wayne F. Speck, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BELL, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Apollo was convicted after a jury trial on two counts related to smuggling untaxed marijuana into the United States from the Republic of Mexico. The first count alleged that Apollo engaged in a conspiracy with thirteen other defendants to import marijuana in violation of 21 U.S.C. § 963. The second count charged Apollo and three others with the substantive offense of importing approximately 700 pounds of marijuana in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1).

We reversed his conviction for procedural errors. United States v. Apollo, 5 Cir., 1973, 476 F.2d 156. He was again tried and convicted and this appeal followed. We affirm.

The only assignment of error of substance is that the court erred in permitting the government to use the first trial testimony of witness Dean Johnson on the second trial. The witness suffered from a complete loss of memory as to the events concerning which he had testified on the prior trial. He was under the impression that two of the witnesses at the prior trial had been subsequently murdered. (There was no proof of this although it was conceded that they were dead, one from an alleged suicide and the other from an alleged overdose of heroin.) In addition, it appeared that Johnson's father had been threatened in some manner prior to the first trial. After the prior testimony of the witness was adduced, including the prior cross-examination, counsel for defendant was permitted to again cross-examine Johnson.

Apollo argues that the witness did not have a complete lapse of memory, but rather wished to change his testimony. It is true that during questioning to determine whether the prior testimony should be used, he initially testified that he had not seen Apollo during the critical period. However, on further questioning he stated that he in fact simply did not remember whether he had seen Apollo. Further, his subsequent testimony on cross-examination bears out the contention that he had a total lapse of memory.

In essence, the court followed our prior decision of United States v. Collins, 5 Cir., 1973, 478 F.2d 837. See also United States v. Wilcox, 5 Cir., 1971, 450 F.2d 1131, 1142–1143; United States v. Mobley, 5 Cir., 1970, 421 F.2d 345, 348–351. We find no error.

The claim that the proof was insufficient to warrant the conviction is without merit. The contention that the court abused its discretion in imposing the maximum sentence is also without merit.

Affirmed.