**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Flores AMAYA, Defendant-Appellant.**

**No. 75–2753.**

United States Court of Appeals, Fifth Circuit.

June 9, 1976.

Rehearing and Rehearing En Banc Denied Sept. 23, 1976.

Warren Weir, San Antonio, Tex., for defendant-appellant.

John Clark, U. S. Atty., John M. Pinckney, III, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendant Flores Amaya appeals from his second conviction for conspiracy to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1). His first conviction was overturned by this Court because the district court employed an impermissibly coercive *Allen* charge. *United States v. Amaya,* 509 F.2d 8 (5th Cir. 1975). The case involves the alleged activity of defendant, a practicing attorney, to organize and arrange contact between an alleged seller and buyer in a particular transaction for an unnamed quantity of heroin. Defendant's challenge to his conviction concerns the use of transcribed testimony of a Government witness from a prior trial because of the witness's subsequent loss of memory, and is based on an assertion of unconstitutional denial of his right to confrontation and cross-examination; error in the admission into evidence of the cross-examination testimony of the Government witness from a prior trial; and failure to establish the validity of the document containing the prior testimony. Defendant also asserts prejudice occurring when the jury allegedly was made aware of his prior trial and conviction. We affirm.

### Facts

A one count indictment charged a conspiracy between the defendant, a San Antonio attorney, and two of his clients to distribute heroin. The Drug Enforcement Agency was apprised of the formation of the alleged conspiracy by Gregory Sprouse, a former client of the defendant. Sprouse reported to the D.E.A. that during a conversation on or about the middle of February 1973, defendant solicited his help in finding buyers for heroin that the defendant could procure from another individual. Special Agent Jeffrey Wood was dispatched by the D.E.A. to act as an undercover agent with the task of posing as a buyer of heroin to gather evidence of the alleged conspiracy. The central controversy in the case revolves around a meeting at a restaurant on March 1, 1973, attended by defendant Amaya, Sprouse, Agent Wood and another individual who is at present a fugitive. This meeting was for the purpose of establishing the procedures of exchange, price and quantity of heroin that Agent Wood would purchase. Most of the conversation was secretly recorded by Agent Wood and the transcript of that recording contained the bulk of the Government's case against Amaya.

At the first trial Sprouse testified at length against the defendant. The case was tried before a jury and defendant Amaya was convicted. On appeal, we reversed the conviction and granted a new trial because of an impermissible *Allen* charge. Prior to the commencement of the second trial Sprouse suffered injury in an automobile accident resulting in a loss of memory regarding his prior testimony. The district judge, who presided at both trials, determined that Sprouse was unavailable within the meaning of Rule 804(a)(3), Federal Rules of Evidence, and permitted his prior testimony to be read into the record *in toto.*

### Right of Confrontation

Defendant urges as error that the admission of Sprouse's prior testimony *in toto* denied him the right of confrontation guaranteed by the Sixth Amendment. The primary object of the confrontation clause is to permit personal examination and cross-examination of the witness by the defendant. *Pointer v. Texas,* 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 927 (1965). Use of prior recorded testimony of an available witness has been held to deny the Sixth Amendment right to confrontation. *See, e. g., Barber v. Page,* 390 U.S. 719, 88

S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Mattox v. United States*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). Use of former testimony of a witness, however, does not constitute a violation of the constitutional right of confrontation where there has been (1) adequate opportunity for cross-examination at a previous trial or hearing, and (2) the witness is shown to be unavailable to testify. *United States v. Edwards*, 469 F.2d 1362 (5th Cir. 1972). Defendant contends that neither prong of this two-pronged test was satisfied.

■ Amaya first argues that Sprouse was never conclusively shown to be unavailable because it was never established by expert testimony that his lack of memory was permanent. The party offering the prior testimony has the burden of proving the unavailability of the witness. *See United States v. Lynch*, 163 U.S.App.D.C. 6, 499 F.2d 1011 (1974); *cf. United States v. Edwards, supra.* Determination of unavailability is a judicial exercise reviewable by this Court only for abuse of discretion. *See United States v. Bell*, 500 F.2d 1287 (2d Cir. 1974). Defendant alleges that a continuance should have been given to allow expert testimony bearing on the permanence of the loss of memory before establishing unavailability for trial. Although the duration of an illness is a proper element of unavailability, the establishment of permanence as to the particular illness is not an absolute requirement. The duration of the illness need only be in probability long enough so that, with proper regard to the importance of the testimony, the trial cannot be postponed. 5 Wigmore, *Evidence* § 1406(a) (Chadbourn rev.1974). Defendant relies on our holding in *Peterson v. United States*, 344 F.2d 419 (5th Cir. 1965). The *Peterson* Court stated:

In criminal prosecutions, according to the weight of authority, the mere temporary illness or disability of a witness is not sufficient to justify the reception of his former testimony. . . .

344 F.2d at 425, *citing* 20 Am.Jur., *Evidence* § 704 (1965). Without more, this is a per-suasive argument for the defendant; however, the Court further stated:

. . . it must appear that the witness is in such a state, either mentally or physically, that in reasonable probability he will never be able to attend the trial.

*Id.* at 425, *citing* 20 Am.Jur., *Evidence* § 704 (1965). Pregnancy of the witness in the *Peterson* case was determined to be insufficient "physical disability" to demonstrate that she would not be able to attend trial. Sprouse's loss of memory is different. There was no guarantee that Sprouse's memory would ever return. The trial judge did not abuse his discretion in deciding on the evidence in the record that Sprouse was unavailable for trial.

The Eighth Circuit reached a similar result in *McDonnell v. United States*, 472 F.2d 1153 (8th Cir.), *cert. denied*, 412 U.S. 942, 93 S.Ct. 2785, 37 L.Ed.2d 402 (1973). In that case the witness was present at the second trial and testified. Testimony at a prior trial was admitted, however, because of the witness's faulty memory. The court said:

Since [the witness] testified to a lack of memory as to a material portion of the subject matter of his prior testimony, he would be "unavailable" under Rule 804 and his former testimony on the subject would be admissible. Such a rule of evidence is supported by textwriters and case law. *See generally*, M. Ladd and R. Carlson, Cases and Materials on Evidence, 1001–1025 (1972); McCormick on Evidence, 611–12 (2d ed. 1972).

472 F.2d at 1155.

Defendant next contends that he did not have adequate cross-examination of the witness at the prior trial. The gravamen of defendant's position is (1) that different counsel with a different defense theory conducted the cross-examination at the first trial, and (2) that errors in a transcript of a taped conversation at the restaurant prohibited effective use of the transcript during cross-examination.

■ Neither Rule 804(a)(3), Federal Rules of Evidence, nor *United States v. Edwards, supra*, on which defendant relies, condition the use of prior testimony on rep-

resentation by the same counsel at both trials. Adequate opportunity for cross-examination by competent counsel is sufficient. Although *United States v. Collins*, 478 F.2d 837 (5th Cir. 1973), states that defendant's right of confrontation was not there violated because he was represented by the same counsel, the language was used to support the confrontation finding and not stated as an essential element. *See also United States v. Apollo*, 490 F.2d 861 (5th Cir. 1974); *United States v. Wilcox*, 450 F.2d 1131 (5th Cir. 1971).

The alleged inadequacies and errors in the transcript of the tape recording do not appear to support defendant's claim of inadequate cross-examination. The defective transcript was not used to cross-examine Sprouse by his counsel, and a corrected transcript was available before the trial terminated so that Sprouse could have been recalled. In any event, the tape itself was available to Amaya and his Spanish-speaking counsel prior to trial.

There is no merit to the argument that the testimony on cross-examination at the prior trial should not have been admitted over defendant's objection, even though the direct examination was admitted. Even if defendant's different counsel at the second trial would not have asked the same questions, the testimony could have been elicited on direct, if the witness had been available.

### *Jury Awareness of Prior Conviction*

Amaya urges as prejudicial two incidents that allegedly made the jury aware of the prior conviction. The first incident involved a local newspaper account of the trial which specifically referred to defendant's prior trial and conviction. The trial judge polled the jurors concerning their knowledge of the newspaper article and received a unanimous negative reply. There is no merit to the contention that the publication prejudiced the fairness of the trial.

The second alleged source of jury prejudice was the violation of a pretrial order prohibiting comments tending to dis-

close to the jury defendant's previous trial and vacated conviction. Government counsel asked appellant on cross-examination if he had taken the same position "in the previous trial." Counsel immediately corrected himself and was instructed by the trial judge to restate the question. The phrase accepted for use during the cross-examination was "previous proceeding." In view of the instruction by the trial judge and the absence of any indication of the result in the prior trial, this inadvertence does not mandate a mistrial.

Upon full examination of the record and consideration of all of the arguments of counsel, we are satisfied that the conviction should stand.

AFFIRMED.