**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tomas ACOSTA, Defendant-Appellant.**

**No. 84–5909
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1985.

Ronald A. Dion, Entin, Schwartz, Dion & Sclafani, North Miami Beach, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Charles S. Saphos, Linda Collins Hertz, Gregory Baldwin, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Tomas Manuel Acosta appeals his conviction of conspiracy to distribute marijuana, 21 U.S.C. § 846, and possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). Acosta's sole ground on appeal is his claim that the trial court erred in excluding from evidence a transcript of previous testimony by an allegedly "unavailable" witness. We hold that the trial court did not abuse its discretion; therefore we affirm.

Acosta and three others were arrested by customs officers early in the morning in a house containing a large amount of marijuana. At trial, Acosta explained his presence as the result of having been a guest who, with his wife, had been invited to the house by a business acquaintance to attend a party the night before. According to Acosta, shortly after their arrival, he and his wife had had an argument and she had departed in their automobile. He then consumed a large quantity of alcohol and fell asleep, to be awakened by the arrival of the officers. As corroborating evidence of Acosta's alibi, the defense sought to introduce the testimony Mrs. Acosta had given at the pre-trial suppression hearing.[1] The defense stated that Mrs. Acosta was presently unavailable as a witness due to her child's illness.[2] The court refused to admit the evidence. Acosta was convicted by a jury.

On appeal, Acosta claims that the prior testimony should have been admitted pursuant to Federal Rule of Evidence 804.

Rule 804 of the Federal Rules of Evidence provides an exception to the rule against hearsay in certain situations where the potential witness is unavailable. As we explained in *United States v. King*, 713 F.2d 627 (11th Cir.1983), "Rule 804 establishes a two-step inquiry. First, a witness must be 'unavailable' as that term is defined in section 804(a).... Second, the testimony of the unavailable witness must fall within one of the categories of admissible evidence enumerated in section 804(b)."[3]

---

1. Acosta's motion to suppress a statement made to the customs officer was granted by the trial judge. The Court of Appeals reversed and remanded the case for trial. *U.S. v. Castro*, 723 F.2d 1527 (11th Cir.1984).

2. In support of his assertion that the witness was unavailable, Acosta's counsel stated that:
She's got a baby and when the baby was born, it had an operation and the baby is not well and I don't think that Mr. Acosta and Mrs. Acosta are getting along too well. And I think the rules provide for nonavailability of the witness, that prior testimony, judicial testimony can be utilized.

3. Fed.R.Evid. 804(a) provides:
   (a) **Definition of unavailability.** "Unavailability as a witness" includes situations in which the declarant—
   (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or
   (2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or
   (3) testifies to a lack of memory of the subject matter of his statement; or
   (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
   (5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.
   A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.
   The former testimony exception in Fed.R.Evid. 804(b)(1) states:
   **Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predeces-

■ Determinations of the admissibility of evidence are in the discretion of the trial judge and will not be reversed by an appellate court unless it finds an abuse of discretion. *United States v. Russell,* 703 F.2d 1243 (11th Cir.1983). Accordingly, the determination as to the "unavailability" of a witness whose prior testimony is sought to be introduced into evidence is also the responsibility of the trial judge, *Howard v. Sigler,* 454 F.2d 115 (8th Cir.1972), subject to the same standard of review.

The question confronting the court below was two-fold: (1) whether Mrs. Acosta was "unavailable" as contemplated by 804(a) and, (2) if so, whether her testimony was admissible as defined in 804(b)(1).

■ The burden of proving the unavailability of a witness under Rule 804(a) rests with the proponent of the hearsay evidence, in this case, the appellant. *United States v. Amaya,* 533 F.2d 188 (5th Cir.1976), cert. denied, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977),[4] *United States v. Fernandez-Roque,* 703 F.2d 808 (5th Cir.1983); *United States v. Pelton,* 578 F.2d 701 (8th Cir.1978), cert. denied, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978). We conclude that here the appellant failed to carry this burden. He offered no evidence that he had requested the witness to testify or that she had refused to do so. Nor was there medical testimony as to the nature or severity of the child's illness or that the child's health would be jeopardized by the mother's absence. Moreover, there was no pre-trial motion for a continuance in order to produce the witness at a later trial. *Peterson v. United States,* 344 F.2d 419 (5th Cir. 1965) (temporary illness or disability of a witness is not sufficient to justify admission of prior testimony without a showing that a continuance would not resolve the problem). The sole support for Acosta's claim was his counsel's uncorroborated statement that Mrs. Acosta was unavailable due to her child's illness. We conclude that the district court did not abuse its discretion in determining that this statement, in and of itself, was not sufficient to satisfy the proponent's burden of demonstrating that the witness was unavailable.[5]

Having determined that appellant failed to satisfy the first prong of Rule 804, unavailability of the witness, we need not address the second prong, whether the government had a sufficient opportunity for cross-examination so as to make the prior testimony admissible pursuant to 804(b)(1).

We conclude that the trial judge did not abuse his discretion in excluding the prior testimony of Mrs. Acosta. The conviction, therefore, is AFFIRMED.

We note that Acosta's indictment charged him with conspiring to distribute marijuana, and possession of marijuana with the intent to distribute. The judgment and commitment order, however, erroneously stated that he had been convicted of conspiring to distribute cocaine, and possession of cocaine with the intent to distribute. This case, therefore, is remanded for correction of the judgment and commitment order.

---

sor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**5.** We need not consider whether the illness of a child could ever make a witness "unavailable" under the definition set forth in rule 804(a). Rule 804(a) states that unavailability "includes" five different situations. The illness of a child fits within none of the five defined situations. Because Acosta has failed to meet his burden of proof we need not consider whether the five situations "included" in rule 804(a) are exclusive.