Lawrence I. WEISMAN,
Plaintiff–Appellant,

and

David P. Gould; Marks, Inc.; Philip Doccolo; Rocko, Inc.; Patrick L. Day, Trustee for James M. Weisman, Plaintiffs,

v.

ALLECO, INC.; Morton M. Lapides,
Defendants–Appellees,

and

Henry Weitz; Marshall M. Meyer; Edward A. Weisman; Harry J. Conn; David H. Cohen; Robert H. Heller; William D. Houser; Frederic K. Raiff; Arthur F. Staley; David C. Barr; John E. Baker; Jeffrey R. Lapides; Heather A. Ditto; Jayme Dorf; Mark A. Garfinkle; David S. Klein; Donn A. Lewis; Jeffrey E. Mann; J. Tighe Merkert; Joan L. Nickel; Frank E. Silvestro; Norman B. Weisman; Deborah A. Wenner; C.J. Nelson; Harry J. Kane; Pamela Lapides; Smith Barney, Harris

Upham & Company; Peat, Marwick, Mitchell & Company, Now—Peat, Marwick, Main & Company; Laventhol & Worwath; American Security Bank; Perpetual Savings Bank; Squire, Sanders and Dempsey, Defendants.

No. 89–2059.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1990.

Decided Jan. 2, 1991.

Amended by Order Filed Jan. 17 and Feb. 12, 1991.

Kenneth Koppenhoefer, Schmidt & Koppenhoefer, and Richard Douglas Bennett, Weaver, Bendos & Bennett, Baltimore, Md., argued (David R. Burton, Martin I. Moylan, Towson, Md., of counsel), for plaintiff-appellant.

Daniel I. Prywes, argued (A. Raymond Randolph and Kim Heebner Price, of counsel), Pepper, Hamilton & Scheetz, Washington, D.C., for defendants-appellees.

Before ERVIN, Chief Judge, and HALL and WILKINSON, Circuit Judges.

PER CURIAM:

Lawrence I. Weisman appeals an order granting sanctions against him in his dual capacity as both attorney and party-plaintiff. Alleco, Inc. and its president, Morton M. Lapides, cross-appeal the denial of their motion for costs and attorney's fees. In a related matter that was consolidated for argument, Weisman appeals an order denying his motion to modify the sanctions order to permit arbitration of his claims against Smith, Barney, Harris, Upham and Company, Inc. ("Smith Barney"). Finding no error in any of the district court rulings, we affirm in each case.

## I.

■ Much of the background for these appeals is contained in our previous opinion in *Gould v. Alleco*, 883 F.2d 281 (4th Cir. 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990), and need not be repeated here. Soon after the district court denied each of the attempts to undermine the *Robinson* settlement, Alleco and Lapides requested sanctions against Weisman as a plaintiff and as the lawyer for the plaintiffs in the *Gould* case. In addition, Alleco and its president sought to enjoin Weisman from divulging to anyone any information gained while he was Alleco's or Lapides' lawyer. A hearing on the sanctions motion was initially scheduled for November 21, 1988, but was continued to February 27, 1989, because Weisman was hospitalized. On Monday, February 27, Weisman's attorney again moved for a continuance on the grounds that his client had been hospitalized the previous Saturday. Alternatively, Weisman's attorney attempted to introduce affidavits of his client which focused on, *inter alia,* the existence *vel non* of an attorney-client relationship between Weisman and Alleco/Lapides. The district court denied both of these requests. The basis for both rulings was the failure to produce any competent medical evidence of the reasons and necessity for Weisman's hospitalization and resultant unavailability.* Thus, the court ruled that the request to submit Weisman's affidavit pursuant to Fed.R.Evid. 804 (declarant unavailable) would be denied because Weisman's counsel failed to prove unavailability. *See United States v. Acosta*, 769 F.2d 721, 723 (11th Cir.1985) (burden of establishing "unavailability" under 804(a) is on proponent). Without the medical evidence, no good cause for a continuance was shown and the unavailability exception to the hearsay rule was not demonstrated. Without the affidavit, little evidence was introduced in support of Weisman's claim that he was not Alleco's attorney. Finding no abuse of discretion in either ruling, we affirm.

## II.

Having decided to go forth with the sanctions hearing, the district court was confronted with the following questions: (1) whether Weisman acted as an attorney for Alleco and/or Lapides, and, if so, during what period; (2) if an attorney-client relationship existed, whether it prohibited Weisman from filing the *Gould* bondholder suit or from being a plaintiff therein; and (3) if Weisman, as Alleco's former attorney, was foreclosed from any role in the *Gould* litigation, whether he should be sanctioned, and, if so, in what manner. We discuss each of the district court's answers to these questions in turn.

Alleco presented nine witnesses who testified to various aspects of Weisman's role as the company's attorney during 1986, 1987, and 1988. The overwhelming evidence of an attorney-client relationship leads to the inescapable conclusion that Weisman did indeed act as Alleco's and

---

* To a lesser degree, the district court also relied on some alternative bases: (1) Weisman's affidavit failed to meet Fed.R.Evid. 804(b)(5)'s "trustworthiness" standard, and (2) counsel failed to comply with the notice requirements of the rule. Either of these grounds provides an adequate basis for the ruling on the request to introduce Weisman's affidavit. *See United States v. McCall,* 740 F.2d 1331, 1344 (4th Cir. 1984) (Widener, J., concurring) (affidavit failed to satisfy "trustworthiness" standard; *United States v. Heyward*, 729 F.2d 297, 299 n. 1 (4th Cir.), *cert. denied,* 469 U.S. 1105, 105 S.Ct. 776, 83 L.Ed.2d 772 (1985) (notice requirements of Fed.R.Evid. 804(b)(5) strictly construed).

Lapides' attorney with respect to, *inter alia,* matters which formed the basis of the subsequent *Gould* lawsuit. We review this essentially factual finding for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2457–61, 110 L.Ed.2d 359 (1990). The finding is certainly not "clearly erroneous," and, therefore, we find no abuse of discretion. *See id.* 110 S.Ct. at 2458. We turn then to whether sanctions were warranted.

■ The district court based its decision to impose sanctions on several grounds. First, the "gross violation" of the attorney-client relationship, by which Weisman attempted to use information gained while acting as Alleco's lawyer for his own pecuniary benefit in the *Gould* suit, was determined by the court to come within the ambit of Rule 11. The district court characterized Weisman's actions relative to *Gould* as "an act [of] consummate bad faith" which qualified as an "improper purpose" under the rule. A second, wholly independent basis for sanctions arose from the lower court's determination that the complaint was "falsely sworn" to the extent that Weisman, as the attorney signing the *Gould* complaint, disavowed an attorney-client relationship in the complaint itself. Finally, the district judge held that the *Gould* complaint was part of a harassing tactic aimed at exacting revenge on Lapides and others whom Weisman felt had cheated him in some way. We believe any one of these grounds would, standing alone, justify the imposition of Rule 11 sanctions, and we concur in the district judge's sound reasoning from the bench.

The question of what sanctions, if any, should be imposed is a subject clearly committed to the trial court's discretion. *Cooter & Gell,* 110 S.Ct. at 2458; *Stevens v. Lawyers Mut. Liab. Ins. Co.,* 789 F.2d 1056, 1060 (4th Cir.1986). Rule 11 speaks of "an appropriate sanction." Beyond his argument that he was justified in instituting the *Gould* suit to protect his own interests, Weisman takes issue with the scope of the sanctions order. We believe that the order neither exceeds Rule 11's intended scope nor constitutes an abuse of discretion. Indeed, the sanctions chosen by the district court strike us as being very appropriate under the circumstances. We must now address Alleco's contention that the sanctions order did not go far enough.

■ The district court specifically found that Weisman was under a physical and mental strain at the time he filed the *Gould* complaint. On this basis alone, the court declined to award fees to Alleco or Lapides. Although the objective reasonableness of the attorney's action is the test for determining whether Rule 11 should be invoked, *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987), subjective factors may be considered in determining what sanctions should be imposed. Stress and ill health do not excuse the violation of the rule, but the presence of such factors may mitigate the punishment. While this is the closest question presented in this case, we are unable to say that the court abused its discretion.

### III.

■ Four months after the district court issued its sanctions order, Weisman opened an account with Smith Barney. Smith Barney was a defendant in *Gould I.* The customer agreement with Smith Barney contained the standard clause that made all controversies between customer and company subject to arbitration. After he was able to receive assurances from Smith Barney that that clause encompassed even pre-agreement disputes, Weisman filed a motion in the previously-dismissed *Gould* action requesting a modification of the sanctions order so as to permit the arbitration of his *Gould* claims to the extent such claims were directed at Smith Barney. Construing the motion as having been made under Fed.R.Civ.P. 60(b), the district court denied the requested relief. Weisman appeals.

The February 28 sanctions order is a direct result of Weisman's attempts to improperly use information gained while he served as counsel to Alleco and Lapides. The *Gould* suit alleged substantial illegal conduct by Alleco, Lapides, Smith Barney and other defendants relative to a sale of Alleco debentures. The district court's

sanctions order was carefully crafted to prevent Weisman from profiting from the breach of attorney-client privilege, and the arbitration motion was merely another attempt by Weisman to circumvent the order's constraints. The district court found, as a matter of fact, that the proposed arbitration would undoubtedly involve the use of information gained during Weisman's tenure as Alleco's and Lapides' attorney. The court quite properly rebuffed Weisman's attempts to reargue the merits of the sanctions order, and we believe that the court did not abuse its discretion in denying the motion.

AFFIRMED.